UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-23704-GAYLES
MAGISTRATE JUDGE P.A. WHITE

VINCENT BENSO,                         :

    Petitioner,                    :

v.                                     :        REPORT RE DISMISSAL
                                                                              FOR NON-COMPLIANCE
STATE OF FLORIDA,                      :        [DEFICIENT PETITION]

    Respondent.                    :
_____

Vincent Benso filed a *pro se* petition for writ of habeas corpus pursuant to United States Code Title 28, Section 2254.

This cause has been referred to the Undersigned for consideration and report pursuant to United States Code Title 28, Section 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

This court issued an order to show cause requiring the Respondent to file a response. (DE# 7). The state filed a motion to strike the order to show cause which informed this court of the following:

> The Petitioner, Vincent Benso is challenging his conviction in state court. The trial court's case number is 2005-CF-000541(F05-541) from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. Notwithstanding, the Petitioner's petition, from pages 14 to 21 is arguing about facts from another case that do not pertain to him. He incorporates his name to these facts, (Pet.p.17), however, the facts of which he speaks are about a defendant named Steven Wayne Pratt and the circuit court case number is 2005-CF-2525 from Escambia County, Florida. The corresponding district court number is 1D15-263 from the First District Court of Appeal. (Pet.p.16-17).

(DE# 10). As a result, this court granted the state's order to strike. (DE# 11).

The Undersigned entered an order on December 2, 2016, notifying the Petitioner that his petition was deficient due to the reasons provided by the state. (DE #12). The Order instructed the Petitioner to file an amended petition by January 2, 2017, in compliance with all applicable procedural rules. Id. These include the requirements that it be legibly typed, or written, on the required form, that it not exceed twenty pages in length, and that it clearly and succinctly set forth the grounds for relief with sufficient factual detail. Id. The Petitioner was cautioned that there would be but one opportunity to file an amended petition in accordance with the Order, and that failure to do so would result in the petition's dismissal without prejudice. Id.

The Petitioner has failed to file an amended petition that complies with the Court's order. Specifically, he filed a motion for leave to amend which did not rectify any of the issues raised in the state's response regarding his factual background. (DE# 13).

The Undersigned, therefore, recommends that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b); Equity Lifestyle Props, Inc. v. Fla. Mowing & Lanscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (noting that "[a] district court need not tolerate defiance of reasonable orders"); see, e.g., Muhammad v. Bethel, 430 Fed. Appx. 750 (11th Cir. 2011) (affirming *sua sponte* dismissal of *pro se* litigant's Section 1983 suit for failing to comply with the district court's order to file double-spaced, concise, amended complaint following a warning that non-compliance with the order would result in dismissal); Niebla v. McNeil, 2008 WL 2477659 (N.D. Fla. June 17, 2008) (dismissing Section 2254 petition without prejudice after petitioner failed to comply with an order requiring an amended petition).

Should the Petitioner choose to return to this Court in the future with another Section 2254 habeas petition, it will be subject to all applicable timeliness and procedural

requirements.[1]

It is therefore recommended that the motion to amend (DE# 13) be denied; the Section 2254 petition for writ of habeas corpus (DE #1) be **DISMISSED WITHOUT PREJUDICE** for non-compliance with the Court's order, (DE #12).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 20th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Vincent Benso, Pro Se
      M2-132S
      Apalachee Correctional Institution East
      Inmate Mail/Parcels
      35 Apalachee Drive
      Sneads, FL 32460

      Sandra Lipman
      Office of the Attorney General
      444 Brickell Avenue, Suite 650
      Miami, FL 33131
      305-377-5441
      Email: sandra.lipman@myfloridalegal.com

---

[1] A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). This period usually begins to run when the judgment becomes final after direct appeal or when the time to seek review has expired. Id. The period is tolled while properly filed applications for state post-conviction or collateral relief are pending with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, the statute is not tolled by a prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(federal habeas petition is not an "application for State post-conviction or other collateral review" under Section 2244(d)(2)); see also Nyland v. Moore, 216 F.3d 1264 (11th Cir. 2000)(holding that the filing date of a second Section 2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits). Any future petition must be timely filed within the applicable one-year statute of limitations. Failure to do so will result in dismissal with prejudice.