UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-23704-GAYLES/WHITE

**VINCENT BENSO,**
           Petitioner,

    v.

**JULIE L. JONES,** *Secretary, Florida Department of Corrections*,
           Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report Re: Dismissal for Non-Compliance [Deficient Petition] [ECF No. 15], entered on January 20, 2017.

Vincent Benso filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 30, 2016 [ECF No. 1]. On December 2, 2016, Judge White entered an Order Regarding Non-Compliance and for Amended Petition, in which he stated the following:

> The Petitioner has failed to comply with the applicable rules when seven pages of his complaint argue facts unrelated to this case. See (DE# 1, p. 14-21). The Court will afford the Petitioner **one opportunity** to file an amended petition within the twenty-page limit, unless the Petitioner obtains prior leave of court to exceed that limit upon a showing of good cause. See Local Rule 7.1(c)(2). The amended petition will be the sole operative pleading in this case and only the claims listed in it will be considered by the Court, subject to all timeliness and procedural requirements. See, e.g., Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000) Incorporation of other pleadings or arguments by reference is not permitted. Local Rule 15.1.
>
> The Petitioner is cautioned that his failure to comply with this Order **may result in the dismissal** of his petition without prejudice.

[ECF No. 12 at 2] (emphases in original). Judge White ordered the Petitioner to file an amended petition by January 2, 2017. [*Id.* at 3].

On December 13, 2016, the Petitioner filed a Motion for Leave to Amend his Petition [ECF No. 13]. However, in contravention of Judge White's Order that the Petitioner amend his petition

by January 2, 2017, the Petitioner filed no amended petition. As a result of this failure, Judge White's Report recommends that the Petition be dismissed without prejudice. To date, the Petitioner has not filed objections to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note.

The Court has undertaken this review and finds no clear error in the well-reasoned analysis and recommendations contained within the Report. The Petitioner's Motion for Leave to Amend was filed unnecessarily, given that Judge White had already ordered the Petitioner to amend his petition. And because the Petitioner failed to file his amended petition by the prescribed January 2, 2017, deadline, it is therefore

**ORDERED AND ADJUDGED** that the Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This action is **CLOSED** and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of February, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE